UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES H. SCHOLTZ,

    Plaintiff,

v.                                Case No.: 2:20-cv-146-FtM-38MRM

BILL PRUMMELL, JEFFREY
YOUNG, DON WHITE, and
JUSTIN PRICE,

    Defendants.
_____/

## ORDER[1]

Before the Court is Defendants' Motion to Dismiss (Doc. 32) and Plaintiff James Scholtz's response in opposition (Doc. 34). The Motion is granted in part.

The operative pleading is the Second Amended Complaint.[2] (Doc. 14). Scholtz is awaiting trial in state court on drug charges.[3] He sues Defendants

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The docket mislabels this the "Third Amended Complaint."

[3] The Court takes judicial notice of Scholtz's criminal cases pending in Charlotte County, Florida (*Florida v. Scholtz*, Nos. 19-000156F; 19-000157F; 19-000158F). See Fed. R. Evid. 201(b)-(c). And no summary judgment conversion is necessary. *E.g.*, *Paez v. Sec'y of Fla. Dep't Of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020).

(a local sheriff and his officers) under 42 U.S.C. § 1983 for violating his constitutional rights and conspiracy. The actions relate to the searches of a storage facility.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Under § 1983, "a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or federal law." *Watkins v. Willson*, 824 F. App'x 938 (11th Cir. 2020). To state a § 1983 conspiracy claim, "a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would deny plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1327 (11th Cir. 2015). Scholtz alleges the Officers violated and conspired to infringe his Fourth, Fifth, and Fourteenth Amendment rights. "The Fifth Amendment is out because it protects a citizen's rights against infringement by the federal government, not by state government." *Id.* at 1328.

This leaves the allegations on Fourth and Fourteenth Amendment violations. But the Court cannot address those matters today.

Defendants argue this case is *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held a § 1983 suit for damages that questions the validity of a state conviction cannot stand until the conviction is invalidated. *Id.* at 486-87. Some courts apply the *Heck* bar to pretrial detainees too. *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004);[4] *see also Rosado v. Nichols*, No. 2:17-cv-195-FtM-99MRM, 2017 WL 1476255, at *5 (M.D. Fla. Apr. 25, 2017); *Bristol v. Palm Bay Police Dep't,* No. 6:16-cv-751-Orl-37GJK, 2016 WL 2348718, at *1 (M.D. Fla. May 4, 2016). While it has yet to address the matter directly, the Eleventh Circuit cast doubt on applying *Heck* in this circumstance. *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 765-67 (11th Cir. 2013) (noting "the *Heck* bar applies only when there is a conviction or sentence that has not been invalidated"); *Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013); *McClish v. Nugent*, 483 F.3d 1231, 1250-52 (11th Cir. 2007). The Court holds *Heck* doesn't apply. All the same, *Younger* does.[5] *See Boyd v. Georgia,* 512 F. App'x 915, 916 (11th Cir. 2013)

---

[4] It appears the Seventh Circuit later overruled itself *sub silentio*. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("*Heck* does not apply absent a conviction.").

[5] *Younger v. Harris*, 401 U.S. 37 (1971).

3

(affirming a sua sponte dismissal under *Younger*); *Christman v. Crist*, 315 F. App'x 231, 231-32 (11th Cir. 2009) (same).

Federal courts must almost always exercise their jurisdiction. *Col. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But "in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). *Younger* presents one instance of abstention. That case held a federal court should not enjoin a pending state criminal prosecution absent extraordinary circumstances. *Younger*, 401 U.S. at 41. Federal courts answer three questions before deciding whether to abstain:

> [F]irst, do the proceedings constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.

*Foster Children*, 329 F.3d at 1274 (internal quotation marks and alterations omitted).

To start, the state proceedings are ongoing. The Complaint alleges Scholtz is a pretrial detainee. Scholtz's brief says the criminal case is ongoing. The state-court docket shows the case is set for trial in December. And the criminal case was pending when Scholtz sued. *Cf. Steffel v. Thompson*, 415 U.S. 452, 462 (1974). Courts, however, must also consider whether "the federal proceeding [will] interfere with the state proceeding." *Foster Children*, 329

F.3d at 1275. The inquiry reviews "the relief requested and the effect it would have on the state proceedings." *Id.* at 1276. "The requested relief 'need not directly interfere with an ongoing proceeding'; abstention is required even when the federal proceeding will indirectly interfere with the state proceeding." *Boyd,* 512 F. App'x at 918 (quoting *Foster Children,* 329 F.3d at 1276). To resolve the § 1983 claims here requires the Court to decide if the searches violated Scholtz's constitutional rights. Yet the searches' validity goes the heart of the ongoing state-court proceedings. So for this Court to parachute into that prosecution by offering its musings on the constitutionality of the searches would interfere.

Second, the state proceedings implicate important interests. Scholtz faces a laundry list of felony and misdemeanor drug charges. Florida has a significant interest in prosecuting those matters. *Mastrangelo v. City of St. Petersburg,* 890 F. Supp. 1025, 1028 (M.D. Fla. 1995) (applying *Younger* (in part) because "the issue of drugs and the ability of local governments to control them . . . constitutes an important state interest); *see also Whalen v. Roe,* 429 U.S. 589, 598 (1977). Without any "extraordinary circumstance" to justify doing so, it is important for this case not to interfere with the state criminal prosecution. *Younger,* 401 U.S. at 45.

And third, there is an adequate opportunity for Scholtz to raise these constitutional challenges in the state proceedings. In fact, he has done so

5

through a motion to suppress evidence found during the searches. On November 4, 2019, a state-court judge issued a thirteen-page order ruling the searches were not unconstitutional. This Court does not sit in a § 1983 appellate capacity over interlocutory state-court rulings. Because Scholtz had and perhaps still has the chance to vindicate his claims in state court, the Court need not weigh in now.

At bottom, abstention under *Younger* is necessary. So the question becomes whether to dismiss or stay. Here, both apply. To the extent that Scholtz seeks declaratory or injunctive relief, the Court grants the Motion and dismisses the claims. *E.g.*, *Hale v. Pate*, 694 F. App'x 682, 684-85 (11th Cir. 2017). Yet as to the monetary relief he seeks through § 1983, Scholtz is correct that a stay is proper. *See* (Doc. 34 at 4-5 (asking the Court to stay this case "pending a resolution of current criminal charges")). In this circumstance, a "District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193 (1988); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). And Eleventh Circuit precedent supports that conclusion. *Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016) ("Although abstention was appropriate, the district court erred in dismissing [plaintiff's] claims rather

6

than staying this action.").[6] So to the extent that Scholtz seeks monetary relief through § 1983, the Court denies Motion and stays the case.

Accordingly, it is now

**ORDERED:**

(1) Defendants Motion to Dismiss Plaintiff's Third Amended Complaint [DE 14] (Doc. 32) is **GRANTED in part**.

    a. To the extent that Plaintiff seeks declaratory or injunctive relief, the Complaint is **DISMISSED without prejudice**.

    b. To the extent that Plaintiff seeks money damages, the Motion is **DENIED**.

(2) This case is **STAYED** pending completion of the state-court proceedings.

(3) The Clerk is **DIRECTED** to enter a stay flag on the docket.

(4) Plaintiff must **NOTIFY** the Court **within fourteen (14) days** of the conclusion of his trial in state court.

**DONE** and **ORDERED** in Fort Myers, Florida on October 30, 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[6] *See also Watson v. Fla. Jud. Qualifications Comm'n,* 618 F. App'x 487, 491 (11th Cir. 2015); *Parris v. Taft,* 630 F. App'x 895, 899 (11th Cir. 2015); *Doby v. Strength,* 758 F.2d 1405, 1406 (11th Cir. 1985); *Dandar v. Church of Scientology Flag Serv. Org.,* 24 F. Supp. 3d 1181, 1200 (M.D. Fla. 2014).