UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES H. SCHOLTZ,

    Plaintiff,

v.   Case No: 2:20-cv-146-SPC-MRM

BILL PRUMMELL, JEFFREY YOUNG, DON WHITE, and JUSTIN PRICE,

    Defendants.
_____/

**ORDER**[1]

Plaintiff, who is proceeding without a lawyer, moves to continue the stay of this case. (Doc. 36). Defendants have not responded and the time to do so has expired.

Plaintiff sues Defendants (a local sheriff and his officers) under 42 U.S.C. § 1983 for violating his constitutional rights and conspiracy. The actions relate to the searches of a storage facility that led to drug charges in state court.[2]

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court has taken judicial notice of Scholtz's criminal cases pending in Charlotte County, Florida (*Florida v. Scholtz*, Nos. 19-000156F; 19-000157F; 19-000158F). (Doc. 35).

Nearly a year ago, the Court stayed this case under the *Younger* abstention doctrine pending completion of the state-court criminal cases. (Doc. 35). Since then, Plaintiff entered a plea of *nolo contendre* in the underlying criminal case (No. 19-000158F) and on September 9, 2021, the state court entered a notice of dismissal. In the plea agreement, Plaintiff expressly reserved his right to appeal the denial of his motion to suppress. On October 8, 2021, Plaintiff filed a notice of appeal in the state court case. He requests that the Court continue the stay because the state court case is ongoing.

The Court finds that continuing the stay is proper. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (*Younger* abstention is appropriate when a state appellate court is reviewing Fourth Amendment violations at state court trial). As explained in the Court's prior Order (Doc. 35), the case is stayed only to the extent that Scholtz seeks monetary relief through § 1983.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Continued Stay (Doc. 36) is **GRANTED**.

2. This case remains **STAYED** pending completion of the state-court appeal.

3. Plaintiff must **NOTIFY** the Court **within fourteen (14) days** of the conclusion of his state-court appeal.

4. Given the new posture of this case, for the Court's own internal case management purposes, the Court will administratively close the case pending the completion of the state-court appeal.

5. The Clerk is **DIRECTED** to administratively close the case pending further Order.

**DONE** and **ORDERED** in Fort Myers, Florida on October 13, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3