UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES H. SCHOLTZ,

    Plaintiff,

v.   Case No.:  2:20-cv-146-SPC-M_M

BILL PRUMMELL, JEFFREY YOUNG, DON WHITE and JUSTIN PRICE,

    Defendants.
_____/

**OPINION AND ORDER**

    This matter comes before the Court on a *sua sponte* review of the file. Plaintiff James H. Scholtz, who is proceeding pro se, sues Defendants (a local sheriff and his officers) under 42 U.S.C. § 1983 for violating his constitutional rights and conspiracy.  The actions relate to the searches of a storage facility that led to drug charges in state court.

    Over four years ago, the Court stayed this case under the *Younger* abstention doctrine pending completion of the state-court criminal cases. (Doc. 35).  Plaintiff eventually entered a plea of *nolo contendre* in the underlying criminal case (No. 19-000158F) and on September 9, 2021, the state court entered a notice of dismissal.  In the plea agreement, Plaintiff expressly reserved his right to appeal the denial of his motion to suppress.  On October

8, 2021, Plaintiff filed a notice of appeal in the state court case. He then requested that this Court continue the stay because the state court case was ongoing. On October 13, 2021, the Court granted Plaintiff's request and instructed him to notify the Court within fourteen days of the conclusion of his state-court appeal. (Doc. 37).

With no word from Plaintiff in the last three years, the Court, on its own initiative, looked into the status of his appeal. As it turns out, the Florida appellate court affirmed the trial court's decision back on August 20, 2024. *Scholtz v. State*, 395 So. 3d 1098 (Fla. Dist. Ct. App. 2024). And on November 22, 2024, the appellate court issued the mandate. Plaintiff never provided the Court with this update, despite the Court's direction to do so.

Given Plaintiff's failure to comply with the Court's Order, the Court directed Plaintiff to show cause by February 21, 2025, as to why this case should not be dismissed for failure to prosecute. (Doc. 38). And it cautioned him that failure to comply with the Order would result in dismissal without further notice. (*Id.*) Plaintiff failed to comply. It thus appears Plaintiff has abandoned this case, so it is dismissed. *See* M.D. Fla. R. 3.10 ("A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay.").

Accordingly, it is now

**ORDERED:**

1. Plaintiff's case is **DISMISSED.**

2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 27, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record